SCHAFF v. WILSON. (No. 1900.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 28, 1918. Rehearing Denied May 9, 1918.)

1. RAILROADS ☞484(3) — FIRES — QUESTION FOR JURY.

Whether a house situated near defendant's railroad track was set on fire by sparks from a passing engine *held*, under the evidence, to be a question for the jury.

2. TRIAL ☞260(1)—INSTRUCTIONS—REFUSAL COVERED BY OTHERS.

It was not error for the court to refuse to give a requested charge on a matter covered by another instruction.

3. APPEAL AND ERROR ☞1170(7)—REVERSAL —TRIVIAL ERROR—EXCLUSION OF EVIDENCE —RES GESTÆ.

Refusal to admit in evidence as res gestæ a statement of plaintiff's wife regarding the origin of the fire destroying their dwelling, in view of her statements as a witness, *held* not ground for reversal, under provisions of rule 62a (149 S. W. x), prohibiting reversal, unless error was calculated to cause rendition of improper judgment, etc.

Appeal from District Court, Marion County; J. A. Ward, Judge.

Suit by J. Ben Wilson against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

The appellee's residence and the effects therein were destroyed by fire occurring near 1 o'clock a. m. The house was situated on a hill about 25 feet higher than and 440 feet north of appellant's railway track running in a general southerly direction. The appellee alleges that the loss was occasioned by sparks of fire escaping from the passing locomotive through negligence of appellant. The appellant denied any act of negligence, and denied that the fire that burned the house originated from sparks from the locomotive. The jury returned a verdict in favor of the plaintiff. It is concluded to sustain the findings of the jury that sparks of fire emitted from a passing locomotive through negligence of appellant proximately caused the damages sued for and in the amount awarded the plaintiff.

Schluter & Singleton, of Jefferson, and Chas. C. Huff, of Dallas, for appellant. Ross & Zumwalt, of Dallas, T. D. Rowell, of Jefferson, and W. L. Grogan, of Shreveport, La., for appellee.

LEVY, J. (after stating the facts as above). [1] Appellant insists that the court should have directed, as requested, a verdict in his favor because there is no proof showing, or tending to show, that the fire which destroyed the house originated from sparks from the locomotive. In the circumstances the origin of the fire is, it is concluded, a jury question, and the court did not err in passing the issue to the jury for decision. The wife of appellee, being at the time awake, saw the north-bound passenger train as it was passing the house at 12:20 a. m. She testified:

"I could see the engine of the train as it passed. The engine was making a considerable noise in pulling the grade there. There was an unusual amount of sparks being thrown that night. I merely watched the train pass, and noticed it was throwing an unusual amount of fire. The sparks were blowing towards the house. * * * I have watched sparks from the train at night very often. There were more than common that night. Some of them went very high and were light for some distance in the heavens."

She further testified that shortly afterwards, "somewhere near 1 o'clock," she discovered that the house was afire, and it was well under way on the roof and in the ceiling. The wind was high, and blowing directly towards the house from the railway, and the weather was very dry, and had been for

two months. The house was a frame one, with a shingled roof, built in 1909. Mrs. Wilson further testified as follows:

"I didn't have any fire; the stove had not been put up in the dining room; there had been no heaters put up in the house. We had two chimneys and the cookstove that were fixed for fires. I had not cooked supper that evening, but had made a chip fire in one corner of the stove and warmed up some gravy. I suppose I had the fire in the cook stove a little before 6; it was before dark. I examined the cook stove before I went to church."

The engineer, testifying in behalf of the plaintiff, said:

"The greatest distance I know of an engine I was running putting out fire was something like 150 or 175 yards as near as I could come, guessing at it going alone, you know. * * * An unusual noise and an unusual amount of sparks, when there is not much of a train, in my judgment indicates that he (the engineer) has dropped the lever over too far. * * * A passenger train pulling an ordinary grade, and the train is not excessively heavy, when in pulling that grade the engine makes an unusual amount of noise and it throws out an inordinate amount of sparks, I would take it that it was not properly equipped."

The railway track as it approaches the house towards the north is on a curve, and is also on a heavy grade. The train on this occasion consisted of a locomotive and four passenger coaches. It is for the jury to say whether the loss complained of was caused by fire communicated from the engine of the defendant, if there is any evidence, as here, from which the inference of such origin may be drawn. Lumber Co. v. Railway Co., 106 Tex. 12, 155 S. W. 175; Railway Co. v. Blackeney-Stevens Co., 106 S. W. 1141. It is believed, therefore, that the second assigned error should be overruled.

[2] By the third assignment error is predicated upon the refusal of the court to give a special charge. The court covered the same issue in the main charge when it was required of the jury, in the eighth paragraph, to find for the defendant if the house was not burned as the proximate result of sparks that escaped from defendant's locomotive. The court further instructed the jury that on the whole case the burden of proof rested upon the plaintiff.

[3] Error is predicated upon the refusal of the court to admit as evidence, as res gestæ, a statement by Mrs. Wilson at the time of the burning of the house that the fire originated in the pantry. The statement purported to be the opinion of Mrs. Wilson. In the light of all the evidence of Mrs. Wilson, describing the burning building when she first discovered that it was afire, it is believed injury did not result from the ruling warranting the reversal of the case. Rule 62a (149 S. W. x). Mrs. Wilson testified as follows:

"When I discovered the fire I went and drew a bucket of water at the well at the corner of the house, and I ran back in the kitchen and threw it at the fire. I threw it in the pantry by the side of the kitchen. It was burning about the middle of the pantry, the best I noticed, where there was a box and some things in it. It seemed it had dropped down from the roof. When I ran to the door to look in it was afire clear up as far as I could see. I ran up as close as I could and looked in, and the whole thing was afire. I did not take any special notice of the roof, and could not swear that the roof was afire above; I know it was from the amount of the fire. At the time I saw the fire in the pantry I did not know the condition of the roof of the entire building. * * * I did not see the roof until I went out and it was in flame all over. When I went out in the front yard I could see that portion of the house facing the railroad; it was aflame all over at that time. The condition of the house on the inside with respect to the ceiling was all intact when we left the house, but when I looked up I could see the fire through the cracks, but no planks had fallen in."

The judgment is affirmed.